UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAYRA HERNANDEZ
RODRIGUEZ,

                Claimant,

v.                                                                        Case No:  6:20-cv-00110-Orl-RBD-DCI

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

REPORT AND RECOMMENDATION

Mayra Hernandez Rodriguez (Claimant) appeals the Commissioner of Social Security's final decision denying her claim for Supplemental Security Income benefits.  Docs. 1, 18.  Claimant argues that the ALJ failed to apply the correct legal standards and made findings not supported by substantial evidence and requests that the case be remanded for further administrative proceedings.  Doc. 18 at 23.

For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

I.        PROCEDURAL HISTORY

On April 18, 2016, Claimant filed for an application for Supplemental Security Income benefits that was denied initially and upon reconsideration.  Upon Claimant's request, an Administrative Law Judge (ALJ) conducted a hearing.  On January 3, 2019, the ALJ issued an unfavorable hearing decision finding Claimant is not disabled.  The Appeals Council denied Claimant's request for review.

1

## II. THE ALJ'S DECISION

The ALJ found that Claimant has the following severe impairments: kidney stones, stage I chronic kidney disease with diabetes mellitus, lumbar degenerative disc disease, and osteoarthritis multiple sites (hands, shoulders, hips). R. 18. However, the ALJ determined that Claimant did not have an impairment or combination of impairments that met or medically equaled any listed impairment. R. 20.

The ALJ found that Claimant has the Residual Functional Capacity (RFC) to perform "sedentary work" as defined in 20 CFR 416.967(a) except:

> [o]ccasional stooping, kneeling, crouching, crawling, and climbing ramps and stairs; no climbing ladders, ropes, or scaffolds; frequent bilateral reaching, handling and fingering, but never overhead reaching bilaterally; avoid: work at heights, work with dangerous machinery and dangerous tools, constant vibration, constant temperatures greater than 90 degrees and less than 40 degrees Fahrenheit, concentrated exposure to pulmonary irritants.

R. 20.

The ALJ also found that Claimant has no past relevant work but, considering the Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Claimant can perform. R. 23, 24.

The ALJ ultimately concluded that Claimant has not been under a disability as defined in the Social Security Act since April 18, 2016, the date her application was filed. R. 25.

## III. STANDARD OF REVIEW

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence which is defined as "more than a scintilla and is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### IV.   ANALYSIS

Claimant raises one issue to support her request for relief. Claimant argues that the ALJ did not apply the correct legal standard to Dr. Perdomo's opinion and made findings not supported by substantial evidence. Claimant states that on August 29, 2016, she presented to Dr. Perdomo for a consultative physical evaluation at the request of the Office of Disability Determinations. Doc. 18 at 12. That record reflects the following:

> History of Present Illness:  The patient is a 44-year-old right-handed Hispanic female. Conversation was in Spanish. She gives a 10 plus year history of back and diffuse joint pain affecting mostly her hips, stating that in the past she was found with degenerative disc disease of the lumbar spine, as well as, osteoarthritis of the hips. Over the year she has been through physical therapy and several different pain medications resulting in temporary pain relief. She claims her symptoms have gotten significantly worse in the last two years, to the point where she cannot stand, walk or sit for more than 20-30 minutes at a time. She has never worked outside the house voicing that she now requires help from her family for activities of daily living.
> \*\*\*
> Physical Exam: Revealed a pleasant obese female, in no acute distress, alert and oriented x 3. She was seen walking down the hallway without any difficulties and she did not require an assistive device for ambulation. She appeared to be in pain while sitting in the examining room and was observed to change positions often. She was able to move from the chair to the examining table with no need of assistance.

> \*\*\*
> Ext: revealed no edema, cyanosis, clubbing or ulceration with good distal pulses. No joint effusion or redness, but tenderness noticed over both hands in the metacarpophalangeal joints, left hand worse than right. Range of motion of upper extremities affected at the level of the shoulder with abduction limited to 90 degrees with pain radiating into the neck and lower back. Full range of motion of the hands although movements were painful. Range of motion of lower extremities affected at the level of the hips and bilateral hip flexion 45 degrees. Full range of motion of the knees although movements were painful. She was unable to squat, stand on her toes and heels due to complaints of bilateral knee, bilateral hip and lower back pain.
> \*\*\*
>
> Impression: 1. History of chronic back pain with severe musculoskeletal functional limitation on physical exam of cervical and thoracolumbar spine. Degenerative disc disease by history.
> 2. History of diffuse joint pain with moderate musculoskeletal functional limitation on physical exam of shoulders and hips, as well as, painful bilateral hand and knee movements.
> 3. Osteoarthritis of the hips.
> 4. Obesity.
> 5. Hypertension by history.
> 6. History of intermittent asthma.
> 7. History of chronic kidney disease.
>
> Recommendation: Patient would benefit from weight loss, as well as, more aggressive physical therapy and home exercise program for back and general conditioning. She can stand and walk for 3-4 hours a day in an eight-hour workday with normal breaks. She can sit for 3-4 hours a day in an eight-hour workday with normal breaks. She can occasionally lift and carry, but should limit the weight lifting to no more than 10 lbs. She should also avoid bending, stooping, crouching [sic] squatting or kneeling. No assistive device for ambulation was required. Due to the painful bilateral hand movement, she should avoid repetitive uses of the hands including gripping maneuvers. She needs adequate continuity of care for proper management of her other chronic disease.

R. 824-825.

The ALJ's discussion of Dr. Perdomo's evaluation, in part, is as follows:

> As for other opinion evidence, the undersigned accorded the opinion consultative examiner Dr. Perdomo partial weight (Exhibit 8F). To the extent his opinion suggests greater limits than those found in the residual functional capacity it is inconsistent with the examination findings at this consultative examination and the other evidence. It is noted that the assessment was based, in part, upon the claimant's reported symptoms and problems. Moreover, Dr. Perdomo found that the claimant retained full motor strength in the upper and lower extremities, the claimant had slightly reduced range of motion in the hands and knees.

4

R. 23.

Claimant challenges the ALJ's determination with respect to Dr. Perdomo's opinion for a number of reasons. Claimant argues that the ALJ's finding that the opinion is inconsistent with his own consultative examination and the other evidence is conclusory. Doc. 18 at 14. Claimant also asserts that the ALJ impermissibly discounted the physician's opinion because "the assessment was based, in part, upon the claimant's reported symptoms and problems." *Id*. citing R. 23. Moreover, Claimant asserts that the ALJ cannot cherry-pick evidence. Namely, Claimant contends that the ALJ ignored the fact that her range in the upper extremities in her cervical and thorcolumbar spine was significantly decreased and her movements are painful for her even though she had a full range of motion in her hands and knees. *Id*. Claimant argues that the ALJ's decision is not based upon substantial evidence if it focuses on one aspect of the evidence while disregarding other contrary evidence. *Id*. at 15. Based on the foregoing, it is Claimant's position that the ALJ failed to provide adequate reasons supported by substantial evidence when rejecting Dr. Perdomo's opinion. *Id*. at 16.

On review, the undersigned recommends that the ALJ did not use an incorrect legal standard and the decision was supported by substantial evidence. As the Commissioner argues, as a one-time examiner, Dr. Perdomo's opinion is not entitled to any particular deference. *See Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) ("The ALJ correctly found that, because Hartig examined Crawford on only one occasion, her opinion was not entitled to great weight."); *Mackie v. Astrue*, 2008 WL 719210, at *11 (N.D. Fla. Mar. 11, 2008) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)) ("a consultative examination, that is, a one-time examination by a physician who is not a treating physician, need not be given deference by the Commissioner.").

The ALJ considered Dr. Perdomo's August 29, 2016 opinion and accorded it partial weight. R. 22, 23. In reaching that determination, the ALJ stated "[t]o the extent [Dr. Perdomo's] opinion suggests greater limits than those found in the residual functional capacity it is inconsistent with the examination findings at this consultative examination and the other evidence." R. 23. Claimant complains that this finding was conclusory.[1] Doc. 18 at 14. Claimant also argues that the ALJ's finding regarding the internal inconsistency of the record "ignored all the physical examination findings that Dr. Perdomo documented when he examined [Claimant]." Doc. 18 at 14. Claimant cites to excerpts from Dr. Perdomo's record and concludes that the examination findings support the physician's opinion. *Id*.

First, the undersigned does not agree that the ALJ "ignored all the physical examination findings" as Claimant describes. Instead, the ALJ included a detailed description of Dr. Perdomo's findings such as Claimant's grip strength, tenderness over the metacarpophalangeal joints, and a slightly reduced spine range of motion. R. 22. The ALJ summarized Dr. Perdomo's examination at length and found that it supported the ALJ's position as the examination revealed mild to moderate findings. *Id*. As such, Claimant's characterization of the ALJ's treatment of Dr. Perdomo's physical examination findings is not accurate.

Second, the ALJ's finding was not stated in a conclusory manner. The ALJ specifically stated that Dr. Perdomo's opinion is inconsistent with the consultative examination *to the extent* that it suggests greater limits than those found in the RFC. R. 23. The ALJ then explains that Dr. Perdomo found that the Claimant retained full motor strength in the upper and lower extremities,

---

[1] The undersigned notes that Claimant's entire "conclusory" argument appears to challenge the ALJ's statement as conclusory with respect to its reference to "other evidence," but the argument is itself conclusory and is arguably deemed waived. *See Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 777 n.2 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably abandoned.).

6

she had a slightly reduced range of motion in the upper extremities and hips, but she retained full range of motion in the hands and knees. R. 23. Again, the ALJ's decision also includes a thorough discussion of Dr. Perdomo's examination. R. 22. The undersigned does not view this as a conclusory statement, it is an attempt by the ALJ to further emphasize that Dr. Perdomo's opinion only reveals mild and moderate findings.

In any event, this is semantics. What Claimant is actually inviting the Court to do is reweigh the evidence, which is not permitted. *See Heckler*, 703 F.2d at 1239. While the ALJ did not mention every detail contained in Dr. Perdomo's report, it is axiomatic that the ALJ need not discuss each and every piece of medical evidence contained within a particular treatment note. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ([T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision. . . is not a broad rejection which is not enough to enable [the Court] to conclude that [the ALJ] considered her medication condition as a whole.").

Here, the ALJ's partial weight determination is preceded by an analysis of Dr. Perdomo's examination and the other record evidence. Considering the ALJ's discussion of Dr. Perdomo's record, the undersigned is not persuaded that the ALJ "cherry-picked" findings to support a determination that Claimant is not disabled. Taken together with the fact that Dr. Perdomo was a one-time consultative examiner, the ALJ had adequate reason to assign partial weight to Dr. Perdomo's opinion, and the ALJ appropriately articulated this in the decision. *See* R. 22-23. Nothing more was required. *See Crawford*, 363 F.3d at 1160; *McSwain*, 814 F.2d at 619.

Claimant's argument regarding the ALJ's treatment of her subjective complaints as a basis for Dr. Perdomo's opinion is equally unpersuasive. The ALJ's observation is important because "[a] claimant's subjective complaints are not an acceptable basis for an opinion." *Bonilla v.*

*Berryhill*, 2019 U.S. Dist. LEXIS 110432, at *19 (M.D. Fla. July 2, 2019) (citing 20 C.F.R. § 416.927(c)); *see also Forsyth v. Comm'r of Soc. Sec.*, 503 App'x 892, 893 (11th Cir. 2013) (finding that good cause existed for affording a treating physician's opinion less weight where the physician relied too heavily on the plaintiff's subjective reports.).

Here, Claimant argues that the ALJ improperly discounted Dr. Perdomo's opinion because it was based, in part, upon Claimant's reported symptoms. Doc. 18 at 14-15. Claimant states that 20 C.F.R. § 404.1519n(b) provides that a consultative examination "report should reflect your statement of your symptoms, not simply the medical source's statements or conclusions." *Id*. at 15. Also, pursuant to § 404.1519n(c)(1), a complete consultative examination report includes a claimant's major or chief complaints. *Id*. Accordingly, Claimant asserts that she had to tell Dr. Perdomo about her symptoms and problems in order for him to properly complete his report as required under the regulations. *Id*. Claimant concludes that Dr. Perdomo completed a thorough medical examination and there is no indication in the report that he relied on anything other than the physical examination findings when rendering his opinion regarding the functional capacity. *Id*.

The undersigned does not agree that this is an accurate description of the record evidence. In the decision, the ALJ "notes" that Dr. Perdomo's "assessment" was based, in part, upon Claimant's reported symptoms. R. 23. Indeed, according to the record at issue, Claimant reported to Dr. Perdomo a "10 plus year" history of back and diffuse joint pain, degenerative disc disease, and a description of her pain and symptoms. R. 824. Dr. Perdomo's "impression" then includes that there was a history of chronic back pain and diffuse joint pain and "degenerative disc disease by history," which is precisely what Claimant reported. R. 825.

Further, Dr. Perdomo's "recommendation" provides that Claimant can sit and stand and walk for 3-4 hours a day in an eight-hour workday with normal breaks. R. 826. While Claimant did not limit herself to that amount of time, she did report that her symptoms inhibit her from sitting or standing for more than 20-30 minutes. R. 824. In addition, the "recommendation" provides that Claimant would benefit from a home exercise program for her back, which was also the topic of her reported history and symptoms. R. 826.

Accordingly, the undersigned does not agree with Claimant that there is "no indication" that Dr. Perdomo relied on anything other than the exam.

Lastly, the undersigned notes that Claimant takes issue with any attempt to include a *post hoc* justification for the ALJ's decision. Doc. 18 at 16. The undersigned finds that this type of rationalization is unnecessary. Specifically, as the Commissioner argues, the ALJ thoroughly assessed Claimant's limitation by relying on primary treatment notes, imaging studies, clinical and laboratory findings, reports of daily activities, and Claimant's allegations of symptoms. R. 21-23. In the assessment, the ALJ provided a detailed discussion of Dr. Perdomo's findings. R. 22-23. The ALJ ultimately found that Dr. Perdomo's opinion deserved partial weight.

The undersigned recommends that the ALJ adequately evaluated the evidence, including Dr. Perdomo's opinion and the partial weight assignment, and suggests that the decision was supported by the thoroughly analyzed substantial evidence.

## V.     CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and

2. Direct the Clerk to enter judgment in favor of the Commissioner and against Claimant and close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on December 7, 2020.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
The Court Requests that the Clerk
Mail or Deliver Copies of this order to:
Pamela Houston
Administrative Law Judge
c/o Office of Hearings Operations
3505 Lake Lynda Dr. Ste. 300
Orlando, FL 32817-9801